Doreen Annette WATSON, individually, and as Successor-in-interest to the estate of Raymond Lawrence Watson, II, deceased, Plaintiff–Appellant,

v.

SOCIETE NATIONALE INDUSTR-IELLE AEROSPATIALE, a French corporation owned by the Republique Francaise; Pitt Helicopters Incorporated, a Nevada Corporation; Mountain Life Flight LP, a California Limited Partnership; Mountain EMS Inc., a California Corporation; David R. Reger, an individual residing in California; Eurocopter SAS, a foreign corporation, Defendants–Appellees.

Barbara Jerpe, individually and as Special Representative of the Heirs and Estate of Charles Jerpe, Deceased; Sarah E. Jerpe, Plaintiffs–Appellants,

and

State Compensation Fund, Claimant,

v.

Aerospatiale Helicopter Corp., a Delaware Corp; Mountain Lifeflight, a Nevada Corp; Mountain Aviation Services, a Nevada Corp; Bruce H. Chapman; Eric K. Duart; American Eurocopter; Blades Aviation Ltd, sued herein as Doe 45; Pitt Helicopters Incorporated, a Nevada Corp; Mountain Life Flight LP, a CA Limited Partnership; Societe Nationale Industrielle Aerospatiale, a French Corporation; Eurocopter SAS, a French Corporation, Defendants–Appellees.

Nos. 05–15576, 05–15615.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2007.

Filed March 23, 2007.

CA, Stephen Lester Nelson, Mather Field, CA, for Defendants–Appellees.

Cudahy, Senior Circuit Judge for the Seventh Circuit, sitting by designation, filed a dissenting opinion.

Before: WALLACE, CUDAHY *, and McKEOWN, Circuit Judges.

MEMORANDUM **

Doreen Watson and Barbara Jerpe appeal the district court's dismissal of their wrongful death actions for lack of personal jurisdiction over Eurocopter (a French aircraft manufacturer formally known as Eurocopter, S.A.S.). We affirm.

■ To sustain specific personal jurisdiction, the claim must arise out of or relate to the defendant's forum related activity. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Simple placement of a spare part in the stream of commerce does not meet this test. In fact, one part was sold to a third party in Canada and the other was sold to a third party in Hawaii before eventually being installed on the helicopter. The district court did not err in holding that the claim did not arise out of Eurocopter's forum related activity and that it lacked specific personal jurisdiction over Eurocopter.

■ The district court also lacked general personal jurisdiction over Eurocopter. Watson and Jerpe contend that the district court should have exercised general jurisdiction over Eurocopter because American Eurocopter Corporation ("American Eurocopter") was Eurocopter's general agent.

Michael J. Harrington, Esq., Davis, CA, David W. Wilson, Esq., Wilson and Coble, Sherman, TX, for Plaintiff–Appellant.

Kyle B. Levine, Esq., Nixon Peabody LLP, Harvey Townsend Elam, Esq., Kenney & Markowitz, LLP, San Francisco,

---

\* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir.2001) (explaining the agency theory of personal jurisdiction).

Ordinarily, "the existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Unocal*, 248 F.3d at 925. "The agency test is satisfied by a showing that the subsidiary functions as the parent corporation's representative in that it performs services that are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." *Id.* at 928. The "question to ask is not whether the American subsidiar[y] can formally accept orders for [its] parent, but rather whether, in the truest sense, the subsidiar[y's] presence substitutes for the presence of the parent." *Id.* at 928–29.

Here, maintenance and support functions for Eurocopter aircraft are performed by third parties in California, not American Eurocopter. Thus, Eurocopter exercises its interests in the American market not only through American Eurocopter but also through independent entities. Though American Eurocopter's activities are plainly important to Eurocopter's business model, based on this record, American Eurocopter's presence does not "substitute[ ] for the presence of the parent." *Id.* at 929.

The district court did not err in concluding that American Eurocopter was not Eurocopter's general agent for purposes of this jurisdictional analysis. Because we agree with that conclusion, we do not reach the question of whether American Eurocopter itself is subject to *general* jurisdiction in California. It bears noting, however, that American Eurocopter has not contested jurisdiction in Jerpe's case and, contrary to the dissent's suggestion, the parties are not without potential relief in a California forum.

**AFFIRMED.**

CUDAHY, dissenting:

The majority correctly states the test for identifying the functions and characteristics of a general agent, but it misdescribes the precise functions with respect to which American Eurocopter fills that role. Here American Eurocopter "performs services that are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." *Doe v. Unocal*, 248 F.3d 915, 928 (9th Cir.2001). American Eurocopter acts as Eurocopter's exclusive distributor, marketer and sales center in the United States. The existence of third-party maintenance facilities does not negate the fact that American Eurocopter's sales presence effectively substitutes directly for that of Eurocopter. Moreover, all Eurocopter spare parts distributed to American service centers must "pass through" American Eurocopter; therefore an inescapable practical relationship must exist between these maintenance facilities and American Eurocopter. Maintenance facilities can hardly function independently of their parts supplier.

By denying general agency to American Eurocopter, the majority has left these plaintiffs with no adequate recourse for injuries at the hands of a manufacturer doing a lion's share of its business in the United States and in the state of California. Therefore, I respectfully dissent.